CV 12-1384

SUMMONS ISSUED

GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
CLINTON BALLARD,

                Plaintiff,

   - against -      GLASSER, J.

                              LEVY,

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER MICHAEL DUGGAN,
TAX I.D. 948475, POLICE OFFICER JUSTIN BLACKMAN, TAX
I.D. 948461,

                Defendants,
----------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, CLINTON BALLARD, is a 25 year old male, who, at all times relevant to this action, was a resident of Brooklyn, New York.

2. Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Kings County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant POLICE OFFICER MICHAEL DUGGAN, TAX I.D. 948475, was at all relevant times an officer with the NYPD assigned to the City Wide Impact Task Force. All actions by DUGGAN complained of herein were taken in the course of his employment and under color of law. DUGGAN is being sued in both his individual and official capacities.

1

4. Upon information and belief, Defendant POLICE OFFICER JUSTIN BLACKMAN, Tax I.D. Number 948461, was at all relevant times an officer with the NYPD, assigned to the City Wide impact Task Force. All actions by BLACKMAN complained of herein were taken in the course of his employment and under color of law. BLACKMAN is being sued in both his individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. A Notice of Claim was timely served upon NYC in or about January 2011, within ninety days of January 7, 2011, the statutory date of accrual for the claims based upon false arrest, excessive use of force, assault and for malicious prosecution. A 50-h hearing was held on December 20, 2011.

8. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

9. On January 7, 2011 at approximately 3:45 p.m., Plaintiff was entering the subway station at Saratoga Avenue in Brooklyn with his sister, Veroniquia Ballard.

10. Plaintiff entered the subway by using a Metro Card, which he then placed on the machine itself, because he had used all of its value.

11. At that point he was approached by DUGGAN who told him not to litter, to pick up the card, and to throw it in the garbage. Plaintiff then complied and picked up the card and put it in his pocket.

12. DUGGAN then demanded that Plaintiff produce identification, which

2

Plaintiff initially refused to do.

13. Plaintiff, aware that he had done nothing wrong and knowing his legal rights, nevertheless provided his identification and then accused DUGGAN of abusing his authority.

14. DUGGAN and BLACKMAN then grabbed Plaintiff by the arm, swung him around, and slammed him against wall. Plaintiff was placed in handcuffs and told that he was going to jail.

15. Plaintiff immediately began to feel pain throughout his body, and particularly in his wrists, knee, and ankle.

16. Plaintiff was placed in a police vehicle and taken to the 73rd Precinct, where he was processed and placed in a cell. He remained handcuffed in the cell for many hours, despite his complaints off physical pain and discomfort to DUGGAN and BLACKMAN.

17. Ultimately, as a result of his physical complaints, Plaintiff was taken to Kings County Hospital, where an x-ray was performed and he was diagnosed as having suffered a sprained ankle.

18. Plaintiff was then returned to the precinct where he was held for another long period of time before he was brought to Central Booking. He was finally released approximately forty hours after his first contact with DUGGAN and BLACKMAN.

19. Plaintiff was forced to hire and attorney and to make four more appearances in Criminal Court under Docket Number 2011KN001933, before the matter was dismissed, upon motion of the District Attorney, on November 15, 2011.

20. As a result of the actions by DUGGAN and BLACKMAN, Plaintiff suffered

multiple injuries including: a sprained ankle and a lack of feeling and tingling in his hands and wrists.

21. Plaintiff was forced to miss days of work and suffers from severe emotional stress and injury as a result of the false arrest, excessive force and malicious prosecution.

### FIRST CLAIM

22. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 of the Complaint as if incorporated and reiterated herein.

23. By arresting Plaintiff without legal authority, Defendants DUGGAN and BLACKMAN, individually and acting together, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

24. By reason thereof, Defendants DUGGAN and BLACKMAN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### SECOND CLAIM

25. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 24 of the Complaint as if incorporated and reiterated herein.

26. Defendants DUGGAN and BLACKMAN, by using excessive force and

engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

27. By reason thereof, Defendants DUGGAN and BLACKMAN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### THIRD CLAIM

28. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29. Plaintiff was unlawfully detained and arrested by Defendants DUGGAN and BLACKMAN without probable cause.

30. By reason thereof, Defendants DUGGAN and BLACKMAN caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

31. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### FOURTH CLAIM

32. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33. Defendants DUGGAN and BLACKMAN used excessive force against Plaintiff in the performance of their police duties.

34. By reason thereof, Defendants DUGGAN and BLACKMAN caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

35. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FIFTH CLAIM

36. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 35 of the Complaint as if incorporated and reiterated herein.

37. Defendants DUGGAN and BLACKMAN committed an intentional and violent assault against Plaintiff without legal cause or justification.

38. By reason thereof, Defendants DUGGAN and BLACKMAN caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

39. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM

40. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41. Defendants DUGGAN and BLACKMAN, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

42. By reason thereof, Defendants DUGGAN and BLACKMAN caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

43. By reason thereof, Defendants DUGGAN and BLACKMAN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## SEVENTH CLAIM

44. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 43 of the Complaint as if incorporated and reiterated herein.

45. The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff by DUGGAN and BLACKMAN.

46. By commencing a proceeding in the absence of probable cause and with actual malice, DUGGAN and BLACKMAN intentionally engaged in a malicious prosecution of Plaintiff.

47. By reason thereof, DUGGAN and BLACKMAN caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

48. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### EIGHTH CLAIM

49. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48 of the Complaint as if incorporated and reiterated herein.

50. The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff by DUGGAN and BLACKMAN.

51. By commencing a proceeding in the absence of probable cause and with actual malice, DUGGAN and BLACKMAN intentionally engaged in a malicious prosecution of Plaintiff.

52. By reason thereof, Defendants DUGGAN and BLACKMAN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### NINTH CLAIM

53. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 52 of the Complaint as if incorporated and reiterated herein.

54. By the actions described above, DUGGAN and BLACKMAN engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community,

which intentionally caused physical injury and emotional distress to Plaintiff.

55. The acts and conduct of DUGGAN and BLACKMAN was the direct and proximate cause of physical injury and damage to Plaintiff.

56. By reason thereof, DUGGAN and BLACKMAN intentionally caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

57. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM

58. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 57 of the Complaint as if incorporated and reiterated herein.

59. NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff herein.

60. NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers

had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff and yet allowed DUGGAN and BLACKMAN to continue in their positions as police officers.

61. The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that he suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

62. By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## ELEVENTH CLAIM

63. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 62 of the Complaint as if incorporated and reiterated herein.

64. By intentionally and excessively tightening the handcuffs on Plaintiff's wrists and keeping them on him in the cell, DUGGAN and BLACKMAN used excessive force in the performance of their duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

65. By reason thereof, Defendants DUGGAN and BLACKMAN violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## TWELFTH CLAIM

66. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 65 of the Complaint as if incorporated and reiterated herein.

67. By intentionally and excessively tightening the handcuffs on Plaintiff's wrists and keeping them on him in the cell, Defendants DUGGAN and BLACKMAN used excessive force against Plaintiff in the performance of their police duties.

68. By reason thereof, Defendants DUGGAN and BLACKMAN caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

69. By reason thereof, and because DUGGAN and BLACKMAN acted within the scope of their duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix) On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x) On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi) On the eleventh claim, actual and punitive damages in an amount to be determined at trial;

xii) On the twelfth claim, actual and punitive damages in an amount to be determined at trial;

xiii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xiv) Such other relief as the Court deems just and proper.

Dated: New York, New York
March 14, 2012

Goldberg & Allen, LLP
Attorneys for Plaintiff

By: _____
Gerald Allen [GA-0950]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366