UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

CLINTON BALLARD,

                                                              Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER MICHAEL
DUGGAN, TAX I.D. 948475, POLICE OFFICER JUSTIN
BLACKMAN, TAX I.D. 948461,

                                                              Defendants.

-------------------------------------------------------------------- x

**ANSWER AS TO DEFENDANT BLACKMAN**

12 CV 1384 (ILG)(RML)

JURY TRIAL DEMANDED

Defendant Police Officer Justin Blackman[1], by his attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for his answer to the complaint, respectfully alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "1" of the complaint.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that the City of New York is a municipal corporation existing and operating under the laws of the State of New York and admits that the City of New York maintains a police department.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that Michael Duggan was employed by the City of New York as a Police Officer on January 7, 2011 assigned to the Citywide Impact Task force, states that the allegations concerning whether defendant's actions "were taken in the course of his employment" and

---

[1] Defendants City of New York and Police Officer Michael Duggan filed their answer to the complaint on July 12, 2012.

whether he was "acting under color of state law" constitutes legal conclusions, rather than averments of fact, requiring no response, and admits that plaintiff purports to bring this action as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that Justin Blackman was employed by the City of New York as a Police Officer on January 7, 2011 assigned to the Citywide Impact Task force, states that the allegations concerning whether defendant's actions "were taken in the course of his employment" and whether he was "acting under color of state law" constitutes legal conclusions, rather than averments of fact, requiring no response, and admits that plaintiff purports to bring this action as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to bring this action by invoking the Court's jurisdiction as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that a document that plaintiff purports to be a notice of claim was received on or about January 14, 2011 and that a purported 50-h hearing was conducted on or about December 20, 2011.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff filed a complaint on or about March 21, 2012.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "9" of the complaint except admits that plaintiff was located within the Saratoga Avenue subway station on January 7, 2011.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "10" of the complaint, except admits that plaintiff left a metrocard on a turnstile located in the Saratoga Avenue subway station on January 7, 2011.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was asked to pick up the metrocard from the turnstile and throw it in a garbage can nearby.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was asked to produce photo identification several times, and that plaintiff refused to provide a photo identification.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff flailed his arms to avoid being handcuffed and admits that plaintiff was subsequently handcuffed.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff was transported by the police to the Transit District 32 stationhouse where he was processed, placed in a cell and complained of ankle pain and knee pain.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "17" of the complaint, except admits that plaintiff was transported to Kings County Hospital.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "18" of the complaint, except admits that plaintiff was transported from Kings County Hospital to Transit District 30 stationhouse, then taken to Central Booking.

19. Denies the allegations set forth in paragraph "19" of the complaint, except Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding criminal court appearances, and admits that the criminal prosecution was dismissed by motion of the Kings County District Attorney's Office on or about November 15, 2011.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "21", inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "24", inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "27", inclusive of this answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint, and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "31", inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "35", inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "39", inclusive of this answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "43", inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "48", inclusive of this answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "52", inclusive of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "57", inclusive of this answer, as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "62", inclusive of this answer, as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "65", inclusive of this answer, as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint and state that the allegation that defendants Duggan and Blackman "acted within the scope of their duties as members of the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

70. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

71. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

72. Some or all of plaintiff's state law claims may be barred for failure to comply with N.Y. Gen. Mun. L. §§ 50-e, i, h and/or k.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74. This action may be barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75. Defendant Blackman has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

76. At all times relevant to the complaint, defendant Blackman acted reasonably and in the proper and lawful exercise of his discretion.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

77. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

78. Plaintiff provoked any incident.

**WHEREFORE**, defendant Police Officer Justin Blackman requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 9, 2012

          MICHAEL A. CARDOZO
          Corporation Counsel of the City of New York
          *Attorney for Defendants The City of New York,*
          *Police Officer Michael Duggan and Police Officer*
          *Justin Blackman*
          100 Church Street, Room 3-198
          New York, New York 10007
          (212) 788-0735

By: _____
     James F. Desmond, Jr.
     *Assistant Corporation Counsel*
     Special Federal Litigation Division

To: <u>BY ECF</u>
     Gerald Allen, Esq.
     Goldberg & Allen, LLP
     49 West 37th Street, 7th Floor
     New York, NY 10018
     (212) 766-3366
     *Attorney for Plaintiff*

| |
|---|
| 12 CV 1384 (ILG)(RML) |
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| CLINTON BALLARD,<br><br>                                        Plaintiff,<br><br>                    -against-<br><br>CITY OF NEW YORK, POLICE OFFICER MICHAEL DUGGAN, TAX I.D. 948475, POLICE OFFICER JUSTIN BLACKMAN, TAX I.D. 948461,<br><br>                                       Defendants. |
| **ANSWER AS TO**<br>**DEFENDANT BLACKMAN** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants The City of New York,*<br>*Police Officer Michael Duggan*<br>*and Police Officer Justin Blackman*<br>*100 Church Street*<br>*New York, NY 10007*<br><br>*Of Counsel: James F. Desmond, Jr.*<br>*Tel: (212) 788-0735* |
| *Due and timely service is hereby admitsted.*<br><br>*New York, N.Y. ………………………………,2012*<br><br>*………………………………………… Esq.*<br><br>*Attorney for ………………………………………* |